# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:11–CV-00340

| | | |
|---|---|---|
| ANN KISTLER TEAGUE, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant's Motion for Reversal and Remand (Doc. No. 18). Defendant Commissioner of Social Security moves the Court to reverse the Commissioner's previous decision and remand it for further administrative proceedings. The Court has the power to enter, upon the pleadings and transcript of the record, "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Defendant's motion is GRANTED in part and DENIED in part. Defendant's Motion to Reverse is DENIED and the action is instead VACATED. Defendant's Motion to Remand is GRANTED. The instant case is therefore VACATED and REMANDED to an administrative law judge for:

(1) Proper application of the doctrine of *res judicata*, as set out in C.F.R. §§ 404.988, 416.1488, to determine whether Plaintiff is entitled to reopen her earlier applications;

(2) Consolidation of the applications at issue in this matter with Plaintiff's subsequent applications, filed June 7, 2011;

(3) Review of the record by a medical expert to obtain an opinion as to the severity of Plaintiff's physical and mental impairments and the extent of any resulting work-

related functional limitations;

(4)     Reassessment of Plaintiff's maximum residual functional capacity;

(5)     A new administrative hearing, with testimony from a vocational expert as necessary, to clarify the impact of a revised residual functional capacity on Plaintiff's ability to perform work at any relevant level of exertion;

(6)     Issuance of a new decision based on the total record, which shall provide rationale for the residual functional capacity findings with specific references to evidence in the record in support of the assessed limitations.

The Commissioner's decision is therefore VACATED and REMANDED to an administrative law judge for further proceedings. The Clerk of the Court shall enter a separate judgment pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

Signed: March 5, 2012

Frank D. Whitney
United States District Judge